IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PAUL MAHAFFEY                                                                                    PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 1:07cv1070-RHW

PEARL RIVER COUNTY, *et al.*                                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is [74] motion for summary judgment filed October 22, 2008 by defendant Hancock County. Plaintiff's response to this motion was due by November 10, 2008. Rule 7.2(C) and (D), *Uniform Local Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*. In [84] an order entered on December 12, 2008 continuing the January 2009 trial date and requiring Plaintiff to respond to Defendants' discovery requests, the Court advised Plaintiff of the nature of a summary judgment motion, the necessity of a response, and the potential consequences of failing to appropriately respond to such a motion. Still, in the more than six months which have elapsed since this summary judgment motion was filed, Plaintiff has neither filed a response nor requested any additional time to do so. Because the present motion is dispositive in nature, the Court must address it on the merits. *Id*.

Procedural History and Facts

Plaintiff filed this 42 U.S.C. § 1983 prisoner's civil rights lawsuit September 6, 2007, against Pearl River County, former Pearl River County Sheriff Joe Stuart,[1] and Hancock County,

---

[1]The Court dismissed Stuart from the case by order entered September 25, 2008. [69]

1

alleging violation of his constitutional rights resulting from conditions of confinement during his incarceration at Pearl River County Jail from May 15, 2006 through July 25, 2007. Plaintiff was in jail on charges out of Hancock County, but was housed at the Pearl River County jail due to destruction of the Hancock County jail by Hurricane Katrina.

The Court conducted an omnibus/screening hearing on February 27, 2008, and a supplemental hearing on April 16, 2008 after Plaintiff amended his complaint. All parties have consented to jurisdiction by the United States Magistrate Judge, and the case has been reassigned to the undersigned for all purposes. [25], [37]; 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

In his original complaint, Plaintiff alleged he was suing Hancock County in its "official and supervisory capacity," stating:

> This Defendant set in motion a series of events they knew or should have known about that let (*sic*) to my injuries in Pearl River County Jail. This Defendant actually had controle (*sic*) of my custody and they made choices to house me without oversite (*sic*) of the conditions I had to live in. This Defendant abandoned his duties and left them to some other.

The remaining allegations of the four-page complaint all deal with the conditions of Plaintiff's confinement at the Pearl River County jail. On March 7, 2008, Plaintiff moved to amend his complaint to name additional defendants [31]. This prompted the Court to conduct the supplemental screening hearing on April 16, 2008, following which the Court granted the motion to amend, deeming the motion to be the amended complaint. [38] The amended complaint reiterated that Hancock County was being sued in its official and supervisory capacity, alleging:

> ... this Defendant set in motion a series of events they knew about or should have known about that led to my injuries. During transport to Pearl River Co Jail from Hancock Co Sheriffs office on May-17-06 I was involved in a vehicle accident that led to my on going condition. This Defendant actually had control over my custody and my medical treatment. They made choices to house me without

2

> oversite (*sic*) of the conditions I had to live with and in. This Defendant abandoned their duties and left them to some other.

All remaining allegations of the amended complaint are directed at the conditions of the Pearl River County jail and/or the actions of Pearl River County jail officials. In both the original and amended complaints, Plaintiff sought an order requiring Hancock County to station one of its deputies at the Pearl River County jail to assure inmates' safety and humane treatment.

Summary Judgment Standard

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). On a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby,* 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). Rule 56(e) provides in part:

> When a motion for summary judgment is made and supported as provided by this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. <u>If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.</u>

Fed. R. Civ. P. 56 (e) (emphasis added). Thus, when a motion for summary judgment is filed and is accompanied by competent supporting evidence, a court may grant the motion if the

3

opposing party fails to present controverting evidence. Fed. R. Civ. P. 56 (e). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir.), *cert. denied*, 506 U.S. 973, 113 S. Ct. 462, 121 L. Ed. 2d 371 (1992).

The moving party must show the absence of a genuine issue of material fact by affidavit or other evidentiary materials. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 n.2, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986). For the Court to find there are no genuine material factual issues, the Court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict for him. *Anderson v. Liberty Lobby,* 477 U.S. 242, 249-50, 106 S. Ct. at 2510-11 (1986).

If the movant meets his burden by proving the absence of a genuine issue of material fact, then "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994), *citing Celotex*, 477 U. S. at 325, 106 S. Ct. at 2553-54. The nonmovant cannot discharge this burden by referring to the mere allegations or denials of his pleadings, but must, either by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue as to a material fact exists. See *Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553; *Reese v. Anderson*, 926 F.2d 494,

4

498 (5th Cir. 1991); Fed. R.Civ. P. 56(e). If the nonmovant fails to present evidence showing a genuine issue of material facts exists, "the summary judgment motion must be granted." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Mahaffey's State Law Claim

Citing *Miss. Code Ann*. § 11-46-9(1)(m), Hancock County urges that it is immune from suit by Mahaffey for injuries he sustained in the May 17, 2006 motor vehicle accident while being transported from Hancock County to the Pearl River County jail. The statute provides, in pertinent part that:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
> ***
> (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail workhouse, penal farm, penitentiary or other such institution ...

Since it is undisputed that Mahaffey was an inmate being returned to Pearl River County jail when the motor vehicle accident involving the Hancock County transport van occurred, Hancock County is immune from his state law claim against Hancock County for injuries sustained in that accident. *See*, *Whitt v. Gordon*, 872 So.2d 71 (Miss. App. 2004) (upholding dismissal on immunity grounds of inmate's claim against state employees for injury sustained in a motor vehicle accident which occurred as inmate was being transported in a prison van to the Mississippi State Penitentiary); *Wallace v. Town of Raleigh*, 815 So.2d 1203(Miss. 2002) (holding the statute completely barred work release inmate's negligence claim against the Town of Raleigh for injuries sustained in an auto accident). *See, also*, *Carter v. Mississippi Department of Corrections*, 860 So.2d 1187 (Miss. 2003), *Lee v. Thompson*, 859 So.2d 981

(Miss. 2003), and *Webb v. DeSoto County*, 843 So.2d 862 (2003) (holding governmental entities immune from negligence suits for wrongful deaths of inmates).

### Mahaffey's § 1983 claims against Hancock County

Mahaffey's pleadings and his hearing and deposition testimony plainly state that his § 1983 complaint against Hancock County in its "official and supervisory capacity" is that Hancock County failed to supervise operations at the Pearl River County jail where he was housed. Supervisory liability under § 1983 may not be based on *respondeat superior*, but only on the supervisor's own wrongful acts or omissions (*Monell v. Department of Social Services*, 436 U.S. 658, 694 n. 58 (1978)); it must be based on more than the right to control employees, or simple awareness of employees' misconduct. *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003).

Hancock County can be liable under § 1983 only if a policy or custom of Hancock County resulted in the constitutional violations Mahaffey claims to have suffered due to his incarceration in Pearl River County jail. *Monell*, *supra*; *Bennett v. City of Slidell*, 728 F.2d 762 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985). Under § 1983, Hancock County can be held liable only for acts for which it was actually responsible. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215-216 (5th Cir. 1998). At most, the evidence before the Court shows that Hancock County had an agreement with Pearl River County whereby Hancock County inmates were housed in Pearl River County jail due to the destruction of the Hancock County jail during Hurricane Katrina. There is no evidence that Hancock County was responsible for any actions of officials at the Pearl River County jail. The evidence before the Court makes summary judgment appropriate as to Mahaffey's claims against Hancock County. It is therefore,

**ORDERED AND ADJUDGED**, that [74] Hancock County's motion for summary judgment is granted. A separate judgment shall be entered in favor of Hancock County.

SO ORDERED, this the 29th day of May, 2009.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE